**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION, *et al.*, | |
| Plaintiffs, | Case No. 26-cv-1402-JDB |
| v. | **HEARING REQUESTED** |
| DONALD TRUMP, *et al.*, | |
| Defendants. | |

**<u>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiffs Freedom of the Press Foundation ("FPF") and Citizens for Responsibility and Ethics in Washington ("CREW") respectfully move for a preliminary injunction solely as to Defendants the Executive Office of the President ("EOP"), the White House Office, the Office of the Vice President, and Susan Wiles, in her official capacity as White House Chief of Staff ("EOP Defendants"). The requested order would:

- enjoin the EOP Defendants during the pendency of this litigation from implementing, applying, invoking, or otherwise acting pursuant to the White House recordkeeping guidance that was issued to all EOP personnel on April 2, 2026, titled "Records Retention Policy After Office of Legal Counsel Finding that the Presidential Records Act is Unconstitutional" (the "April 2 EOP Policy");

- order the EOP Defendants to immediately and fully comply during the pendency of this litigation with their obligations to preserve electronic messages constituting Presidential or Vice-Presidential records under 44 U.S.C. § 2201(2), § 2203(a), § 2207, and § 2209, notwithstanding any contrary directives in the April 2 EOP Policy;

1

- order the EOP Defendants to preserve during the pendency of this litigation—and not dispose of or cause the disposal of—electronic messages constituting Presidential or Vice-Presidential records in accordance with 44 U.S.C. § 2201(2), § 2203(a), and § 2209, notwithstanding any contrary directives in the April 2 EOP Policy;

- order the EOP Defendants to immediately distribute the preliminary injunction to all EOP components and personnel to whom they circulated the April 2 EOP Policy, with instructions not to follow any contrary directives in the April 2 EOP Policy during the pendency of this litigation; and

- order the EOP Defendants to file a notice with the Court within two days of entry of its order granting this motion describing the steps they have taken to comply with the Court's order.

In support of this motion, Plaintiffs submit the attached memorandum of points and authorities, the Declarations of Lauren Harper of FPF, Kayvan Farchadi of CREW, Jason R. Baron, and accompanying exhibits, and a proposed order.

Per Local Civil Rule 65.1(c) and (d), Plaintiffs respectfully request that the Court order Defendants to file their opposition to this motion by May 1, 2026, Plaintiffs to file any reply by May 4, and set this motion to be heard on May 5, 2026, in conjunction with the Court's already-scheduled hearing on the plaintiffs' motion for preliminary injunction in a related case, *American Historical Association v. Trump* ("*AHA*"), No. 26-cv-01169-JDB (D.D.C.); *see also* Notice of Related Case, EFC No. 2 (Apr. 24, 2026); Minute Order (Apr. 27, 2026).

Good cause exists for hearing the preliminary relief motions in this case and *AHA* together. Doing so will conserve judicial resources because both cases arise from the same set of facts and raise similar questions of law. Moreover, Plaintiffs exercised diligence in bringing this motion.

This suit is based primarily on a revised White House recordkeeping policy issued on April 2, 2026, which Defendants released publicly for the first time in *AHA* on April 21. *See* Ex. B to Pls.' PI Mot., *AHA*, 26-cv-1169-JDB, ECF No. 19-2 (D.D.C. April 21, 2026), https://perma.cc/EA2R-WQPD. Plaintiffs promptly filed this suit on April 26, three days after Defendants publicly disclosed their new unlawful recordkeeping policy, *see* ECF No. 1, and now promptly seek preliminary relief with respect to this newly released policy. This Court has broad discretion to order coordinated briefing and argument in related cases. *See, e.g.*, Minute Order, *CREW v. OMB*, No. 25-cv-1051-EGS (D.D.C. April 25, 2025) (declining to consolidate two related cases but ordering coordinated briefing and argument on preliminary relief motions).

As explained in the accompanying memorandum, expedition is essential to prevent imminent irreparable harm to Plaintiffs caused by Defendants' ongoing refusal to comply with statutory requirements to preserve electronic messages.

Plaintiffs' counsel conferred in good faith with Defendants' counsel prior to filing this motion. Defendants oppose the motion.

Dated: April 27, 2026

Respectfully Submitted,

*/s/ Jonathan E. Maier*
Jonathan E. Maier (D.C. Bar No. 1013857)
Nikhel S. Sus (D.C. Bar No. 1017937)
Lauren C. Bingham (D.C. Bar No. 90043462)*
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
jmaier@citizensforethics.org
nsus@citizensforethics.org
lbingham@citizensforethics.org

*admission pending*

*Counsel for Plaintiffs*